IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LINDA LEONARD**                                                                            **PLAINTIFF**

v.                              Case No. 4:24-CV-712-JM

**MIDLAND CREDIT MANAGEMENT**                                           **DEFENDANT**

**ORDER**

Before the Court is Midland Credit's motion to dismiss. (Doc. 9). Linda Leonard initiated this *pro se* case in July 2024 in Pulaski County, Arkansas Circuit Court. *See Leonard v. Midland Credit Management*, Case No. 60CV-24-6101 (Pulaski County, Docket Sheet). Midland removed the case to federal court (Doc. 1) and moved to dismiss for failure to state a claim. (Doc. 5). Without leave to amend and outside of the time provided under Fed. R. Civ. P. 15(a)(1), Leonard filed an amended complaint. (Doc. 8). Rather than object to the amendment, Midland amended its motion to dismiss in light of the new filing. (Doc. 9). The Court then terminated Midland's first motion to dismiss given the updated filings. (Doc. 12).

There are problems, however, with Leonard's amended complaint and response to motion to dismiss. These documents reflect that Leonard has given Delvin Hale power of attorney, and he now attempts to represent her by drafting both the amended complaint and the response to Midland's amended motion to dismiss as (Doc. 8 at 5, 10–15, Doc. 11 at 5). Individuals who are not licensed attorneys can appear in court and engage in the practice of law provided that they do so only for themselves and in connection with their own business. *Stewart v. Hall*, 198 Ark. 493 (1939). When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity. *Jones ex rel. Jones v. Correctional Med. Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005). This rule extends even to

those who seek to represent another after obtaining a general power of attorney. *See Smith v. Soc. Sec. Administration*, No. 5:23-CV-05222-TLB-CDC, 2024 WL 459091, at *2 (W.D. Ark. Jan. 19, 2024), *report and recommendation adopted,* No. 5:23-CV-5222, 2024 WL 457148 (W.D. Ark. Feb. 6, 2024), *aff'd,* No. 24-1291, 2024 WL 3768499 (8th Cir. Mar. 29, 2024); *see also Johns v. Cty. of San Diego*, 114 F.3d 874 (9th Cir. 874, 876 (1997)). Neither Leonard nor Hale are attorneys. Further, a review of this court's cases reveals that Mr. Hale has been warned at least once that he cannot represents the interests of others. *See Hale and Hale v. Primary Residential Mortgage*, No. 4:24-CV-301-BRW (E.D. Ark. April 15, 2024) (Doc. 5).

As a result, Leonard's amended complaint will be dismissed without prejudice, and Midland's amended motion to dismiss (Doc. 9) is terminated.

IT IS SO ORDERED this 29th day of September, 2025.

_____
UNITED STATES DISTRICT JUDGE